IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE PETERSON, | : Civil No. 4:25-CV-866 |
| Plaintiff, | : |
| v. | : (Judge Munley) |
| | : (Chief Magistrate Judge Bloom) |
| HOWARD YOUNG, | : |
| Defendants. | : |

REPORT AND RECOMMENDATION

I. Introduction

This case comes before us for a screening review of the plaintiff's *pro se* civil complaint. The plaintiff, Nicole Peterson, brings this action against Pennsylvania State Police ("PSP") Trooper Howard Young. (Doc. 1). Although somewhat difficult to discern, the complaint asserts that Peterson was stopped by Young in May of 2023. (Doc. 1-2 at 1). She claims that Young thought he saw something in her possession, and rather than wait for a female officer, Young searched her. (*Id.*). Peterson appears to characterize the nature of this search as a sexual assault. (*Id.* at 1-2). She asserts that because of this encounter, she now fears the police. (*Id.*).

Along with his complaint, Peterson filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). We will recommend that the motion for leave to proceed *in forma pauperis* be granted for screening purposes only but after consideration, we will recommend that the complaint be dismissed.

## II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted. *Id.* This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

3

> has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial

4

justice.'" *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). We must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

### B. This Complaint Should be Dismissed.

After review, we conclude that Peterson's complaint fails to state a claim upon which relief can be granted. Rule 8 of the Federal Rules of Civil Procedure dictates that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is well established that "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Fowler*, 578 F.3d at 211 (citations omitted). A complaint must contain "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (citing *Twombly*, 550 U.S. at 555).

We read Peterson's claim as arising under the Fourth Amendment's prohibition against unreasonable searches and seizures. U.S. Const. amend IV; *Brower v. Cnty. of Inyo*, 489 U.S. 593, 595 (1989); *see Lopez v.*

*City of Lancaster*, 2021 WL 3487324, at *8 (E.D. Pa. Aug. 9, 2021) ("[W]hen a claim of sexual assault arises out of an officer's actions in searching a suspect during the course of an investigation or arrest, the Fourth Amendment reasonableness standard applies."). To state a Fourth Amendment claim, a plaintiff must plead facts to show that "the defendants' actions (1) constituted a 'search' or 'seizure' within the meaning of the Fourth Amendment, and (2) were 'unreasonable' in light of the surrounding circumstances." *Open Inns, Ld. v. Chester Cnty. Sheriff's Dep't*, 24 F. Supp. 2d 410, 424 (E.D. Pa. 1998) (citations omitted).

Here, the complaint alleges in a conclusory fashion that Young searched Peterson because he believed she had drugs on her. (Doc. 1 at 2). Peterson further claims that she felt the search was akin to a sexual assault because Young "s[aw] things that should [not have] been seen by a male officer." (Doc. 1-2 at 1-2). At the outset, we note that it is not *per se* unreasonable for a male officer to search a female. *See e.g.*, *Lopez*, 2021 WL 3487324, at *8 (collecting cases) (finding that a search of a female by a male officer who suspected her of swallowing drugs during an arrest was not per se unreasonable). More importantly, however,

Peterson's complaint does not give any context to the circumstances of the search other than the fact that Young suspected her of possessing drugs but did not find any drugs after a search. Instead, the complaint appears to mainly take issue with the fact that Peterson was searched by a male officer. Accordingly, as pleaded, we cannot conclude that the complaint states a claim for a Fourth Amendment violation.

However, while we have concluded that the complaint does not state a claim at this time, recognizing that Peterson is a *pro se* litigant, we recommend that the court allow her an opportunity to amend her complaint to endeavor to state a claim upon which relief may be granted. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 21 days of any dismissal order.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 19th day of May 2025.

>s/ Daryl F. Bloom>
> Daryl F. Bloom
> Chief United States Magistrate Judge