IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLE PETERSON,<br>  Plaintiff<br><br>v.<br><br>HOWARD W. YOUNG,<br>  Defendant | No. 4:25cv866<br><br>(Judge Munley)<br><br>(Chief Magistrate Judge Bloom) |

## ORDER

Before the court is a report and recommendation ("R&R") of Chief Magistrate Judge Daryl F. Bloom recommending that Plaintiff Nichole Peterson's *pro se* complaint be dismissed without prejudice with leave to file an amended complaint. (Doc. 4). Peterson has responded to the R&R by letter. (Doc. 5). The court will construe that letter as timely-filed objections to the R&R.[1] The R&R is thus ripe for disposition.

This matter arises out of an alleged cross-gender search during a traffic stop. On May 15, 2025, Peterson filed a complaint against Defendant Howard W. Young of the Pennsylvania State Police, alleging that the defendant, a male state trooper, made her feel degraded and sexually assaulted during that search. (Doc. 1 ¶ 3). Per the plaintiff, Defendant Young suspected that she had drugs on

---

[1] "A document filed *pro se* is 'to be liberally construed[.]' " Erickson v. Pardus, 551 U.S. 89, 94, (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

her person. (Id. ¶ 4). The search, however, did not yield any drugs. (Id.) As a result of the search, Peterson alleges that she feels unsafe when she sees police officers. (Id.) In a letter attached to the complaint, Peterson advises that the incident occurred on May 25, 2023. (Id.) Peterson further avers in the letter that Defendant Young searched her more than once and did so in an aggressive manner, rather than waiting for a female officer to arrive on scene. (Id.)

Upon filing, Peterson's complaint and motion for leave to proceed *in forma pauperis* ("IFP") were referred to Chief Magistrate Judge Bloom for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and the issuance of an R&R. The R&R construes the plaintiff's complaint as asserting a claim against the defendant for violation of her Fourth Amendment rights.[2] (Doc. 4 at 5-6). After reviewing the law relative to federal pleading requirements and the Fourth Amendment, the R&R recommends dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(2) for failure to state a claim.[3] (Id. at 2-6).

On June 3, 2025, the Clerk of Court docketed a letter from Peterson dated May 22, 2025. (Doc. 5). When her most recent filing is liberally construed, Peterson appears to make two arguments objecting to the R&R. One concerns

---

[2] As the case is ostensibly filed pursuant to 42 U.S.C. § 1983, the court has jurisdiction under 28 U.S.C. § 1331, which states that district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[3] The R&R further recommends that the IFP motion be granted for screening purposes only. (Doc. 4 at 2).

2

her Seventh Amendment right to a trial by jury. (Doc. 5 at p. 1). Peterson's other arguments reflect her general commentary about the Fourth Amendment with reference to "county office .org [sic]" policy. (Id.) Furthermore, Peterson's objections reference additional factual details about the search, which are not included in the initial complaint.

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir.1987). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

After review, the court agrees with the chief magistrate judge that Peterson's complaint provides insufficient factual context about the search. (Doc. 4 at 6-7). Peterson alleges that the defendant suspected drugs on her person. (Doc. 1 ¶ 4). But the complaint itself does not provide any further salient details. Even though Peterson has alleged a cross-gender police search, such details are necessary for the plaintiff to state a plausible claim for violation of her Fourth Amendment rights. See Lopez v. City of Lancaster, No. CV 19-5104-KSM, 2021 WL 3487324, at *8 (E.D. Pa. Aug. 9, 2021)("Here, given the exigent

3

circumstances, the Court finds that it was not *per se* unreasonable for [the male police officer] to search [the female plaintiff].")(citations omitted). Consequently, Peterson's arguments about the sufficiency of her complaint are not compelling and the analysis in the R&R will be adopted.

Peterson also appears to argue that the R&R violates her Seventh Amendment right to a trial by jury in this case. In adopting the R&R, the court has determined that Peterson's initial complaint failed to state a legal claim upon which relief could be granted. At this juncture, Peterson has no viable claims to present to a jury. Her Seventh Amendment rights have not been violated. See Smith v. Lynn, 809 F. App'x 115, 118 (3d Cir. 2020) (citing In re Peterson, 253 U.S. 300, 310 (1920)); Hahn v. New Jersey, 803 F. App'x 667, 668 (3d Cir. 2020) ("The Seventh Amendment does not prevent a District Court from dismissing a complaint in a case...where the plaintiff has failed to plead a plausible claim.") (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979)). This objection will be overruled.

Finally, Chief Magistrate Bloom also recommends providing plaintiff with leave to file an amended complaint, so long as the amended complaint addresses the factual deficiencies identified in the R&R and is filed within twenty-one (21) days of any dismissal order. Peterson appears to possess additional facts about the incident based on her objection. Since Peterson appears willing

4

to support her claim with additional facts, the court will also adopt the recommendation providing her with leave to amend. Plaintiff is cautioned, however, that the failure to file an amended complaint in a timely manner will result in this case being dismissed with prejudice.

For the reasons set forth above, it is hereby **ORDERED** that:

1) Plaintiff's objections to the R&R, (Doc. 5), are **OVERRULED**;

2) The R&R, (Doc. 4), is **ADOPTED** in full;

3) Plaintiff's motion for leave to proceed IFP, (Doc. 2), is **GRANTED**;

4) Plaintiff's complaint, (Doc. 1), is **DISMISSED** without prejudice;

5) Plaintiff may file an amended complaint within twenty-one (21) days of the date of this order addressing the deficiencies discussed in the R&R and this order; and

6) If plaintiff fails to file an amended complaint within this timeframe, the court will dismiss this action with prejudice and direct the Clerk of Court to close this case.

Date: 6-4-25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

5